**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT AT HARTFORD**

|  |  |  |
|---|---|---|
| URY & MOSKOW, L.L.C. | : | CIVIL ACTION NO.: |
| Plaintiff, | : | 3:02 CV. 1741 (RNC) |
|  | : |  |
| v. | : |  |
|  | : |  |
| PATRICK ARGENTI and | : |  |
| JEAN ARGENTI, | : |  |
| Defendants. |  |  |

## PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT

The Plaintiff in the above-captioned matter, Ury & Moskow, LLC (the "Plaintiff"), pursuant to Fed.R.Civ.P. 12(c) and 56, hereby requests that the Court enter judgment in its favor against the Defendants, Patrick Argenti ("P. Argenti") and Jean Argenti ("J. Argenti"), in that there is no genuine issue of material fact within the pleadings, no defenses have been raised as to the claims of the operative complaint and the Plaintiff is entitled to judgment as a matter of law. In support of this motion, the Plaintiff attaches a memorandum of law, the Affidavit of Neal L. Moskow, and supporting documents, as required.

**WHEREFORE**, the Plaintiff hereby moves that judgment enter in its favor as to liability and damages, or in the alternative, as to liability only.

THE PLAINTIFF,

By: _____/S/
Frederic S. Ury, Esquire

Dated January 13, 2004

at Fairfield, Connecticut					(203) 610-6393 / Fed. Bar #ct05827

## **CERTIFICATION**

This is to certify that a copy of the foregoing Motion for Judgment on the Pleadings and/or Summary Judgment and Memorandum of Law in Support of the Motion for Summary Judgment has been mailed, postage prepaid, this 13th day of January 2004, to the following:

Stephen P. Fogarty, Esquire (ct01398)
Michael K. Stanton, Jr., Esq. (ct 08916)
Halloran & Sage LLP
315 Post Road West
Westport, CT 06880

_____/S/
Frederic S. Ury

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT AT HARTFORD

———————————————————X
URY & MOSKOW, L.L.C.        :    CIVIL ACTION NO.:
          Plaintiff,    :    3:02 CV. 1741 (RNC)
                                :
        v.         :
                                :
PATRICK ARGENTI and         :
JEAN ARGENTI,               :
          Defendants.    X
———————————————————

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

**I.   PRELIMINARY STATEMENT**

Plaintiff, Ury & Moskow, L.L.C. ("Ury & Moskow" or "Plaintiff"), brought this Civil Action on its own behalf by its complaint dated September 30, 2002 ("Complaint") in three counts seeking to enforce of its contract with the defendants. The Plaintiff claims damages as a result of the Defendants', Patrick Argenti and Jean Argenti (collectively the "Argentis" or "Defendants"), failure to pay the full amount due for legal services rendered on their behalf. The Defendants filed an Answer to the Complaint on June 2, 2003 (*hereinafter "*Answer*").* However, the Answer raises no genuine issue of material fact, asserts no Special Defenses or Counter Claims and admits facts sufficient for this Court to render judgment in favor of the Plaintiff. In addition, the parties' joint report filed with the Court Pursuant to Fed.R.Civ.P.

16(b), 26(f) and D.Conn. L.Civ.R.38. (*hereinafter* "26(f) Report") contains undisputed facts and admissions, which taken together with the Answer, Affidavit and supporting documents, render a trial unnecessary in this matter. Although the Defendants deny the amount claimed due and owing to the Plaintiff, such denial is not a bar to summary judgment where, as here, Plaintiff has established its right to enforce its agreement as to both defendants. Therefore, and as more fully set forth below, no genuine issue of material fact exists and this matter is ripe for resolution by summary judgment in favor of the Plaintiff.

## II.  STATEMENT OF FACTS

A.  **The following material facts or allegations of the Complaint are either admitted or undisputed:**

   1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 26(f) Report at §II.

   2.  Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(a) as the plaintiff resides in the State of Connecticut and the claim arose in this district pursuant to 28 U.S.C. § 1391(b). *Answer ¶4.*

3.  The Plaintiff, Ury & Moskow, L.L.C., is a limited liability company engaged in the practice of law and organized under the laws of the State of Connecticut. *26(f) Report ¶1..*

4.  The Defendants, Patrick Argenti ("P. Argenti") and Jean Argenti ("J. Argenti") (collectively the "Argentis" or "Defendants"), are married individuals who reside at 53 Long Meadow Road, Bedford, New York.  *26(f) Report ¶2.*

5.  On or about May 21, 1999, the Defendants retained the Plaintiff in order to provide legal services in defense of a foreclosure proceeding within the State of Connecticut and to assist in the defense of enforcement of a judgment in favor of Merrill Lynch issued in the case of <u>Merrill Lynch Interfunding, Inc. n/k/a Merrill Lynch Capital Corp. ("Merrill Lynch") v. Patrick Argenti, *et al*</u>., which case was pending in the Southern District of New York. *26(f) Report ¶3 and Answer ¶5.*

6.  Merrill Lynch had obtained its Judgment in December of 1998, after the Second Circuit Court of Appeals had vacated a prior District Court judgment and entered judgment against the Argentis.  The judgment entered by The Southern District of New York (Griesa, J.) was in the approximate amount of $10,400,000.00 (the "Judgment"). *26(f) Report ¶4  and Answer ¶6.*

7.  At the time the Judgment entered (and at the time the services referred to herein were provided), the Argentis owned and resided at property commonly known as

549 North Street, Greenwich, Connecticut. During the same period, the Argentis also owned ten (10) acres of unimproved land in Greenwich, Connecticut. The 549 North Street property and the unimproved land are collectively referred to herein as the "Real Property." *26(f) Report ¶5 and Answer ¶7.*

8. Merrill Lynch sought to continue a prior foreclosure action against the Real Property in Connecticut after obtaining the Judgment. *26(f) Report ¶6 and Answer ¶9.*

9. The Plaintiff, Ury & Moskow, rendered services on behalf of the Defendants between May 1999 and January 2001 pursuant to the terms of a written retainer agreement dated May 19, 1999**.** *26(f) Report ¶7. See Exhibit A to Complaint as appended to Supporting Affidavit of Neal Moskow filed herewith.*

10. The Agreement provides that the Argentis would pay their attorney, Neal L. Moskow an hourly rate of $200 per hour and a late charge of 1% per month for all balances greater than 30 days past due plus the costs of collection on said balances including a reasonable attorneys' fee**.** *26(f) Report ¶9 and Answer¶11.*

11. Patrick Argenti agreed to pay reasonable fees for necessary and reasonable services rendered. *Answer¶10.*

12. The Defendants admit that they received notices from the Plaintiff of the amounts due and owing on their account. *Answer¶14.*

        13.     At all times relevant and pertinent hereto, Argenti acted as an authorized agent of Jean Argenti under implied authority to bind Jean Argenti to the aforementioned Agreement with the Plaintiff. *Answer ¶20.*

        14.     As a result of the foregoing, the Defendant, Jean Argenti, is also liable to the Plaintiff for all damages claimed herein and accruing hereunder, including interest and costs of collection including a reasonable attorneys' fee. *Answer ¶21 (sic).*[1]

**B.**    **The following facts are established by the accompanying affidavit in support of summary judgment and documents appended thereto:**

        1.     Pursuant to a written agreement ("Agreement") between the parties, the parties agreed that the Plaintiff would provide legal services (in the Connecticut Foreclosure Action and in defense of the enforcement of the Judgment) and would charge reasonable fees for its services, including disbursements and expenses incidental thereto, and that the Defendants would pay to the Plaintiff the amount invoiced and due on the Plaintiff's account. A copy of said Agreement is annexed as Exhibit A to the Complaint

---

[1] The Defendants did not answer ¶ 21 of the Plaintiff's Third Claim for Relief in the operative complaint. Plaintiff's counsel advised Defendants' counsel of this fact more than four months ago. Fed.R.Civ.P. 8(d) provides: <u>Effect of Failure to Deny</u>. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

and also as Exhibit A to the Affidavit of Neal L. Moskow filed herewith in support of this motion (*hereinafter* "Affidavit of Neal L. Moskow").

  2. At all times pertinent hereto, the Defendant, Jean Argenti was fully informed of the terms of the Plaintiff's representation , a copy of the Agreement was provided to her at her then known residence and she fully participated in the defense provided by the Plaintiff, including attendance at conferences and at Court, as required. *Affidavit of Neal L. Moskow*.

  3. A copy of the Judgment against the Argentis is annexed to *Affidavit of Neal L. Moskow* as Exhibit B.

  4. The Plaintiff provided services on the account of the Defendants as agreed ("Account"). *Affidavit of Neal L. Moskow*.

  5. The Defendants have not paid the balance due on the Account. *Affidavit of Neal L. Moskow*.

  6. The Plaintiff, Ury & Moskow, has suffered and will continue to suffer damages, including interest and attorneys' fees, as a result of the Argentis' breach of the Agreement. *Affidavit of Neal L. Moskow*.

**C.**  **Damages:**

  The amount claimed currently due and owing on the Account, as set forth in the complaint, is in the amount of $112,649.33, plus interest of $54,822.60 from February 1,

2000 through January 15, 2004 with a per diem of $37.55. The total amount claimed due from the Defendants as of as of January 15, 2004 is $167,471.93. *Affidavit of Neal L. Moskow.*

Additional attorney's fees in the amount of $10,793.00 and costs of collection in the amount of $215.00 are also claimed by the Plaintiff. *Affidavit of Attorney's Fees and Bill of Costs annexed hereto and made a part hereof.*

### III. LAW AND ARGUMENT

**A.      Standard for Summary Judgment.**

A case should be decided by summary judgment when a trial would produce no additional material evidence and when the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c) provides that summary judgment shall be rendered when a review of the entire record demonstrates "that there is no genuine issue as to any material fact." The moving party must establish that no relevant facts are in dispute. Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir.1975); accord Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In determining whether a genuine issue has been raised, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam ); Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 443 (2d Cir.1980). Therefore, not only must there be no genuine issue as to evidentiary facts, but there

must be no controversy regarding the inferences to be drawn from them. <u>Schwabenbauer v. Bd. of Educ.</u>, 667 F.2d 305, 313 (2d Cir.1981); accord <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Applying this standard to the present case, it is clear that judgment should be entered in favor of the Plaintiff.

B.  **<u>Applicable Law</u>**

This Court has subject matter jurisdiction over this lawsuit pursuant to <u>28 U.S.C. §1332(a)(1)</u>. Because the basis for the Court's jurisdiction is the diversity of citizenship of the parties, the Court must apply the substantive law of the state where it sits, including that state's choice of law rules. <u>Klaxon Co. v. Stentor Electric Mfg. Co.,</u> 313 U.S. 487, 496, 61 S.Ct. 1020, 1021-22, 85 L.Ed. 1477 (1941); <u>Erie R. Co. v. Tompkins,</u> 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). In this case, the parties do not dispute that Connecticut law governs the Plaintiff's claims. Therefore, the Court should properly apply Connecticut Law in deciding the instant motion for summary judgment as well as all counts in the operative complaint.

C.  **<u>The Plaintiff Is Entitled To Enforce Its Agreement with Patrick Argenti.</u>**

There is no question that there was a complete, valid and binding agreement between the Plaintiff and the Defendants. "To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties. To constitute an offer and acceptance sufficient to create an enforceable contract, each must be found to have been based on an identical understanding by the parties ..." (Citations omitted;

internal quotation marks omitted.)  L & R Realty v. Connecticut National Bank, 53 Conn.App. 524, 534, 732 A.2d 181 (1999). "Manifestation of assent to a contract may be made wholly or partly by written or spoken words or by other acts or by failure to act... In order to form a binding and enforceable contract, there must exist an offer and an acceptance based on a mutual understanding by the parties... The mutual understanding must manifest itself by a mutual assent between the parties." (Citations omitted; emphasis added in original; internal quotation marks omitted). Krondes v. O'Boy, 37 Conn.App. 430, 434, 656 A.2d 692 (1995).  In this case, all of the above requirements have been satisfied.  P. Argenti, for himself and for his wife, J. Argenti, agreed to pay reasonable fees for necessary and reasonable services rendered.  *Answer ¶10 and ¶20.*  The Plaintiff, Ury & Moskow, rendered services on behalf of both Defendants between May 1999 and January 2001 pursuant to the terms of a written retainer agreement dated May 19, 1999.  *26(f) Report ¶7.*  As the Agreement permits the Plaintiff to recover attorney's fees, interest and costs, those damages are recoverable under well settled Connecticut law.  Guaranty Bank & Trust Co., 4 Conn. App. 376, 386 (1985).  Under the facts of this case, the terms as outlined in the written, executed agreement between the parties clearly outlines the expectations and rights of the parties thereto.  *Exhibit A to Complaint and Exhibit A to Affidavit of Neal L. Moskow.*

      An executory unilateral promise is not enforceable under contract law unless it is supported by valid consideration.  Osborne v. Locke Steel Chain Co., 153 Conn. 527, 530-31, 218 A.2d 526 (1966).   Consideration consists of some right, interest, or benefit flowing to one

party or some forbearance, detriment, or responsibility undertaken by the other. *Id.* Valid consideration, that is, consideration which supports an enforceable unilateral contract, must be bargained for. *Id.* It must induce the other party's performance. *Id.* Therefore, in a unilateral contract, the promisee's performance serves as the consideration for the promisor's promise because it is detrimental to the promisee and flows to the benefit of the promisor. The Defendants promised to pay the Plaintiff for the rendering of legal services that were in fact rendered on their behalf. The undisputed facts as recited above constitute an admission by the Defendant of this fact.

"An admission in a defendant's answer to an allegation in a complaint is as binding as a judicial admission." Franchi v. Farmholme, Inc., 191 Conn. 201, 214 (1983); Lutkus v. Kelly, 170 Conn. 252, 257 (1976). "The admission of the truth of an allegation in a pleading is a judicial admission conclusive on the pleader." Rodearmel v. Rodearmel, 173 Conn. 273, 275 (1977). "A judicial admission dispenses with the production of evidence by the opposing party as to the fact admitted, and is conclusive upon the party making it." Drew v. K-Mart Corp., 37 Conn. App. 239, 250 (1995). As stated above, the terms of this agreement between the parties must be governed by the written terms that have been agreed to by the parties. Thus, the Defendant is liable, under the terms of the retainer agreement, to the Plaintiff for payment of the unpaid balance on his account, interest at 1 per cent per month for each month the balance

remained uncollected, a reasonable attorney's fee and costs incurred to collect the balance due and owing, all in accordance with the express terms of the Agreement.

When the Defendant, P. Argenti, executed the retainer agreement he promised, on his behalf and for J. Argenti, to pay the Plaintiff for the legal services it provided. In addition, in this case, the Defendant P. Argenti has admitted that he agreed to pay the Plaintiff in exchange for the legal services described in the parties' agreement and that he in fact did receive the benefit of said services.  In fact, the Defendants paid the Plaintiff $67,415.67 towards the full balance of their Account.  As such, there can be no dispute that the parties entered into a binding and enforceable contract for legal services and that the Defendants have breached that agreement.

**D.      The Plaintiff is Entitled to Enforce its Agreement with Jean Argenti**

Despite the fact that the Defendant, J. Argenti did not sign the retainer agreement with the Plaintiff, the Defendants admit in their Answer that P. Argenti acted at all times pertinent hereto as an authorized agent of J. Argenti; thus P. Argenti acted under implied authority to bind Jean Argenti to the aforementioned Agreement with the Plaintiff. *Answer* ¶20.  Based upon the undisputed facts and argument above, the Court must also find that a contract existed between the Plaintiff and the Defendant, J. Argenti.  J. Argenti gained the same benefit from the Agreement that her husband did and was fully aware and informed of all aspects of the Plaintiff's

services rendered on her behalf.[2]  J. Argenti was herself kept fully informed by the Plaintiff of all actions taken on her behalf.  She was, after all, a named defendant on the Judgment there at issue. J. Argenti actively participated in her own defense through regular communications with counsel and attendance at settlement conferences and Court appearances, when they were required.  *Affidavit of Neal L. Moskow.*

As noted above, the Defendants did not answer ¶ 21 of the Plaintiff's Third Claim for Relief in the operative complaint.  Fed.R.Civ.P. 8(d) provides that "averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.   Here, the Plaintiff properly alleged that the defendant, J. Argenti "is liable to the Plaintiff for all damages claimed herein and accruing hereunder, including interest and costs of collection including a reasonable attorneys' fee." *Complaint, Third Claim for Relief at ¶21.*  For these reasons also, the Plaintiff hereby incorporates, without restating, the arguments, *supra*, with reference to the Defendant J. Argenti. There is no genuine issue of material fact in this case with respect to the Defendant, J. Argenti's liability to the Plaintiff for the full amount of damages claimed herein.

**E.** **<u>The Plaintiff Is Entitled To Damages.</u>**

---

[2]  The Court should note that there is no requirement under the Connecticut Rules of Professional Conduct or Connecticut State Law that an hourly retainer agreement be signed by the Client, only that the terms of representation be disclosed in writing to the client.  CT R RPC Rule 1.5
 (c) and C.G.S.A.§52-251c.

As evidenced by Plaintiff's Affidavit annexed hereto, the Plaintiff is entitled to damages in the amount of $112,649.33, plus interest of $54,822.60 from February 1, 2000 through January 15, 2004 with a per diem of $37.55. The total amount claimed due from the Defendants as of as of January 15, 2004 is $167,471.93. The calculations of these amounts are supported by the Affidavit of Neal L. Moskow as well as the business records of the Plaintiff annexed to said affidavit. Conn. Gen. Stat. § 52-180 (see Exhibits C and D to the affidavit submitted herewith in Support of this Motion). Additional attorney's fees in the amount of $10,793.00 and costs of collection in the amount of $215.00 are also claimed by the Plaintiff. The calculation of Attorney's Fees and Costs are set forth in the Affidavit of Attorney's Fees and Bill of Costs filed herewith and made a part hereof by reference.

Federal Rule of Evidence 803(6) provides an exception to the hearsay rule for: "A memorandum ... of acts [or] events ... made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, ... all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." The courts within this District have adopted "a generous view" of the business records exception, "construing it to favor [ ] the admission of evidence ... if it has any probative value at all." United States v. Freidin, 849 F.2d 716, 722 (2d Cir.1988) (internal quotations omitted).

Accordingly, Plaintiff's journal of fees incurred and balance due is properly considered by this court. For all of these reasons, the Defendants' Account has been sufficiently proven and summary judgment as to liability as well as damages is appropriate.

**F.     Regardless of the Calculation of Damages, Judgment Should Enter As To Liability.**

Although it is Plaintiff's position that judgment as to both liability as well as damages is proper in this matter, should the Court determine that the determination of damages remains at issue, judgment as to liability should nonetheless enter in favor of the Plaintiff, and a separate hearing should be conducted to determine damages. The Defendants have admitted entering into an attorney client relationship with the Plaintiff and have admitted the receipt of services from the Plaintiff and have raised no special defenses to this action. For all of the foregoing reasons, no genuine issue of material fact exists and a trial on the merits is therefore unwarranted.

## IV.  CONCLUSION

For all the foregoing reasons, this Court should enter judgment on the pleadings or in the alternative, summary judgment, in favor of the Plaintiff.

                                                                            THE PLAINTIFF,

                                                                            By: _____/S/
                                                                                 Frederic S. Ury of
                                                                                 Ury & Moskow, L.L.C.